IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN PFISTER, on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a WABTEC CORPORATION,<br><br>*Defendant*. | Case No. 2:23-CV-609 _____<br><br>(Removal from: The Court of Common Pleas of Allegheny County, GD-23-3518) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and with full reservation of all defenses, Defendant Westinghouse Air Brake Technologies Corporation, d/b/a Wabtec Corporation ("Wabtec"), gives notice of the removal of this action originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. In support of removal, Wabtec provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basis Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

As set forth below, this case meets, *inter alia*, all of the requirements for original jurisdiction and removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), and is timely and properly removed by the filing of this Notice.

## NATURE OF REMOVED ACTION

1. On March 13, 2023, Plaintiff Stephen Pfister filed the attached Complaint against Wabtec in the Court of Common Pleas of Allegheny County, Pennsylvania, individually and on

behalf of a putative class. *See* Complaint 39 (attached as **Exhibit 1**); State Court Docket Report, *Pfister v. Westinghouse Air Brake Technologies Corp.*, No. GD-23-3518 (C.P. Allegheny Cty.) (attached as **Exhibit 3**).

2. The Complaint alleges that cybercriminals attacked Wabtec's computer network, compromising Plaintiff's personal information. Plaintiff alleges six counts: (1) Negligence, Complaint ¶¶ 91–109; (2) Negligence Per Se, *id.* ¶¶ 110–42; (3) Breach of Confidence, *id.* ¶¶ 143–64; (4) Breach of Implied Contract, *id.* ¶¶ 165–80; (5) Unjust Enrichment, *id.* ¶¶ 181–202; and (6) Publicity Given to Private Life, *id.* ¶¶ 203–18.

3. Plaintiff also proposes to represent a putative class of "[a]ll individuals in the United States who are current and former employees of Defendant [Wabtec] and whose Sensitive Information was accessed without authorization in the Data Breach." *Id.* ¶ 81.

4. Wabtec is a Delaware corporation with its headquarters at 30 Isabella Street in Pittsburgh, Pennsylvania. It is a leading global provider of equipment, systems, digital solutions, and value-added services for, among others, the freight rail and passenger transit industries. It is one of the world's largest providers of technology-enabled locomotives and components for these industries, with operations across the world.

5. Last year, Wabtec determined that certain systems on its network were subject to unauthorized access. Wabtec began notifying affected individuals, and three putative class actions have now been filed, including the *Pfister* state action and two cases filed directly in federal court under 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 199 Stat. 4). *See Tjahjono v. Westinghouse Air Brake Techs. Corp.*, No. 2:23-cv-531 (W.D. Pa.); *Black v. Westinghouse Air Brake Techs. Corp.*, No. 2:23-cv-547 (W.D. Pa.).

6. Wabtec disputes the facts and claims alleged in the Complaint and reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint. One such defense, among others and without limitation, is that Plaintiff signed an alternative dispute resolution agreement, which unambiguously requires Plaintiff to submit his claims against Wabtec to binding individual arbitration.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as **Exhibit 1**. Copies of all other process, pleadings, docket filings, and orders entered on the state-court docket are attached as **Exhibit 2**. A copy of the state-court docket sheet is attached as **Exhibit 3**.

## BASES FOR REMOVAL[1]

**I.  Removal Of This Putative Class Action Is Proper Pursuant To The Class Action Fairness Act, 28 U.S.C. § 1332(d).**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). CAFA grants federal courts original jurisdiction over claims pleaded as proposed class actions whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100, *id.* § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," *id.* § 1332(d)(2). The Supreme Court has emphasized that "CAFA's provisions should be read

---

[1] Without waiving any defenses or objections, and reserving all of its rights, Wabtec asserts these grounds for federal subject matter jurisdiction based upon the allegations pleaded in the Complaint and publicly available information as of March 13, 2023, when the Complaint was filed, and as of the date of this Notice of Removal. To the extent that any of Wabtec's factual or legal allegations are challenged, Wabtec reserves the right to supplement if necessary this Notice of Removal with additional facts and argument supporting jurisdiction. *E.g., Dart*, 574 U.S. at 89.

3

broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 574 U.S. at 89 (internal marks and citation omitted).

9. Wabtec denies that Plaintiff has defined a proper class, that class treatment is proper, and that any class could be certified in this action and reserves all rights to pursue these defenses to certification as necessary at the appropriate time. Nevertheless, this lawsuit as pleaded satisfies CAFA's definition of a "class action" because Plaintiff explicitly "brings this action under Pa. R. Civ. P. 1701" (*see* Complaint ¶ 80), which is Pennsylvania's analog to Federal Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B) ("[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure[.]"). Also, Plaintiff marked this case as a "class action" on the civil cover sheet (*see* Complaint at Civil Cover Sheet); captioned his pleading "on behalf of himself and others similarly situated" as a "class action complaint" (*id.* at Cover); and seeks to represent a putative class in this litigation (*id.* ¶¶ 80-90). *See* 28 U.S.C. § 1332(d)(1)(B).

10. Venue in this Court is proper because the state court action is pending within the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

**A. The Parties Are Minimally Diverse.**

11. CAFA requires that the parties be only "minimally diverse." *Dart*, 574 U.S. at 84-85. Federal jurisdiction exists in this action if just one member of the putative class is "a citizen of a State different from [the] defendant." 28 U.S.C. § 1332(d)(2)(A).

12. As a Delaware corporation with its headquarters and principal place of business in Pennsylvania, Wabtec is a citizen of Delaware and Pennsylvania for purposes of determining jurisdiction. *Id.* § 1332(c)(1).

13. CAFA's minimal diversity requirement is satisfied in this action because at least one putative class member is a citizen of a state other than Delaware and Pennsylvania.

14. Plaintiff alleges a nationwide putative class comprising "[a]ll individuals in the United States who are current and former employees of Defendant and whose Sensitive Information was accessed without authorization in the Data Breach." Complaint ¶ 81. As individuals, each putative class member is "deemed to be a citizen of the state where he is domiciled." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

15. As of the date of this Notice of Removal, two other putative class actions have been filed in federal court against Wabtec arising from the same events that predicate Plaintiff's Complaint in this action. The named plaintiffs in those other actions—both of whom are absent putative class members in this case—are citizens of states other than Delaware and Pennsylvania.

16. In *Tjahjono v. Westinghouse Air Brake Techs. Corp.*, No. 2:23-cv-00531 (W.D. Pa.), the named plaintiff, Hokky Tjahjono, alleges (a) that he is a former employee of Wabtec, (b) that his personal information was "exposed during the Data Breach" purportedly giving rise to this action, and (c) that he "is a resident and citizen of the State of Texas." *See Tjahjono* Complaint ¶ 8, ECF No. 1, No. 2:23-cv-531. Plaintiff Tjahjono also filed a disclosure statement certifying that he "is a resident and citizen of Tarrant County, Texas." *See* Pl.'s Rule 7.1 Disclosure Statement, ECF No. 3, No. 2:23-cv-531.[2]

17. Likewise, in *Black v. Westinghouse Air Brake Techs. Corp.*, No. 2:23-cv-547 (W.D. Pa.), the named plaintiff, Miles Black, alleges (a) that he is a former employee of Wabtec, (b) that his personal information "was compromised in the Data Breach" purportedly giving rise to this

---

[2] The Court may take "judicial notice of court records and dockets of the Federal District Courts." *Carroll v. Prothonotary*, No. 08-cv-1683, 2008 WL 5429622, at *2 (W.D. Pa. Dec. 31, 2008); *US Claims v. Baker*, No. 12-cv-2231, 2012 WL 6725826, at *1 (D.N.J. Dec. 27, 2012) (taking judicial notice of filings in a separate case to determine citizenship of parties for purposes of establishing diversity).

action, and (c) that he "resides and is domiciled in the state of Florida." *See Black* Complaint ¶ 8, ECF No. 1, No. 2:23-cv-547.  Plaintiff Black also filed a disclosure statement certifying that he "is a resident and citizen of Hernando County, Florida." *See* Pl.'s Rule 7.1 Disclosure Statement, ECF No. 2, No. 2:23-cv-547.

18. Based on their pleaded and certified assertions, the named plaintiffs in *Tjahjono* and *Black* are both putative members of the proposed class as defined in the Complaint in this action.  And both of those named plaintiffs are citizens of states other than Delaware and Pennsylvania.  Accordingly, CAFA's minimal diversity requirement is satisfied in this action.

19. Indeed, the federal complaints in *Tjahjono* and *Black* plead that CAFA's requirements for federal jurisdiction, including minimal diversity, are satisfied in those cases premised on similar facts and claims as alleged here.  *See Tjahjono* Complaint ¶ 12, ECF No. 1, No. 2:23-cv-531; *Black* Complaint ¶ 12, ECF No. 1, No. 2:23-cv-547.

20. Further, Wabtec operates in 46 states and employs individuals who live in those states and are citizens of states other than Pennsylvania or Delaware.  *See* Declaration of Bryon Langenfeld at ¶¶ 2-3, attached hereto as **Exhibit 4**.

21. Accordingly, CAFA's minimal-diversity requirement is satisfied in this action.  *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) (diversity is properly established upon allegations of diverse citizenship); *Lincoln*, 800 F.3d at 111 (same).

**B.   Plaintiff Alleges A Putative Class Of More Than 100 Members.**

22. Wabtec denies that Plaintiff has defined a proper class, that class treatment is proper, and that any class could be certified in this action.  Nevertheless, the putative class as pleaded facially meets CAFA's threshold of at least 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).

6

23. In establishing federal jurisdiction under CAFA, a defendant is "entitled to rely on the allegations in [the Complaint]," including the alleged "putative class size." *Safranek v. USAA Cas. Ins. Co.*, 525 F. Supp. 3d 707, 722 (M.D. La. 2021); *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (holding that CAFA's requirements were satisfied for removal based on putative class size alleged in complaint).

24. Plaintiff alleges that the cyberattack purportedly giving rise to his claims "impacted at least thousands of former and current employees," and proposes a putative class "consisting of potentially thousands of members, far too many to join in a single action." Complaint ¶¶ 1, 85; *see id.* ¶ 27.

25. The plaintiffs in *Tjahjono* and *Black* similarly allege that the same cyberattack, which predicates both their claims and Plaintiff's in this action, impacted "thousands of individuals." *See Tjahjono* Complaint ¶ 47, ECF No. 1, No. 2:23-cv-531; *Black* Complaint ¶ 47, ECF No. 1, No. 2:23-cv-547.

26. The proposed class exceeds CAFA's threshold based on these allegations alone. 28 U.S.C. § 1332(d)(5)(B).

    **C.    The Complaint Places More Than $5 Million in Controversy.**

27. Wabtec concedes neither liability on Plaintiff's claims nor the propriety of the relief he seeks, and reserves all rights with respect to all issues presented by the Complaint, including but not limited to venue, liability, causation, standing, damages, and class certification.

28. Nevertheless, for purposes of assessing the jurisdictional amount, what matters is solely the amount potentially in controversy as alleged in the Complaint and not whether a plaintiff's claims or alleged damages have any merit (which Plaintiff's do not). *Vives v. Rodriguez*, 849 F. Supp. 2d 507, 513 (E.D. Pa. 2012) ("[T]he amount in controversy for jurisdictional purposes must be ascertained by the requests in the pleadings *without consideration of success on the*

*merits*." (emphasis added and citation omitted)). To be clear, Wabtec expressly reserves the right to dispute that Plaintiff or any other member of the putative class has incurred any cognizable injury or measurable damages in any form.

29. The amount in controversy is determined by "adding up the value of the claim of each person who falls within the definition of [the] proposed class and determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S 588, 592 (2013); *Frederico*, 507 F.3d at 198-99. No evidence is necessary: A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. And because the Complaint does not specify an amount sought, Wabtec's "amount-in-controversy allegation should be accepted." *Id.* at 87. In short, federal jurisdiction will exist in this action unless "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197.

30. Here, CAFA's $5 million amount-in-controversy requirement is satisfied on the face of the Complaint.

31. Plaintiff alleges a putative class of "at least thousands of former and current employees." Complaint ¶ 1. And Plaintiff alleges that each of those putative class members has supposedly incurred "monetary losses, lost time, anxiety, and emotional distress," including: (a) "loss of the opportunity to control" their information; (b) "diminution in value" of their information; (c) "compromise and continuing publication" of their information; (d) "[o]ut-of-pocket costs" incurred to prevent, detect, recover, and remediate identity theft; (e) "[l]ost opportunity costs and lost wages"; (f) delay in tax payments; (g) "[u]nauthorized use" of their information; and (h) "continued risk" of their information to further cyberattacks. *Id.* ¶ 57.

32. Plaintiff estimates the value of each putative class member's affected information—which relates to just one of the above categories of alleged damages—at potentially $1,000 per person. *Id.* ¶ 58.

33. Moreover, Plaintiff also alleges punitive damages, attorneys' fees, injunctive relief and damages for purported unjust enrichment. *See, e.g., id.* at 38 (asserting "compensatory, exemplary, punitive damages, and statutory damages," "restitution," and "attorneys' fees"). Each of these categories should be included and aggregated in assessing the amount in controversy. *See Frederico*, 507 F.3d at 197–99. Cases have held that attorneys' fees alone, for instance, could add "as much as thirty percent." *Id.* at 199. And punitive damages likewise are often enough by themselves to support an amount in controversy over $5 million "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Yatsonsky v. State Farm Fire & Cas. Co.*, 225 F. Supp. 3d 291, 294 n.5 (M.D. Pa. 2016) (citation omitted).

34. Reinforcing the amount in controversy here, the *Tjahjono* and *Black* cases—which arise from the same events as this case—both specifically assert that the amount in controversy in those actions exceeds $5 million. *See Tjahjono* Complaint ¶ 12, ECF No. 1, No. 2:23-cv-531; *Black* Complaint ¶ 12, ECF No. 44, No. 2:23-cv-547. This is further evidence that the amount-in-controversy is satisfied in this case. *See, e.g.*, *Composite Co. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74-75 (D. Mass. 2013) (considering a prior, "nearly identical" complaint that "contains an explicit amount-in-controversy estimate exceeding $5 million").

35. Accordingly, based on Plaintiff's claims as pleaded, CAFA's amount in controversy of $5 million is satisfied in this action. *See Dart*, 574 U.S. at 87.

\* \* \* \* \* \*

36.     This action meets all the requirements of CAFA:  (1) minimal diversity under 28 U.S.C. § 1332(d)(2)(A); (2) a putative class size of 100 or more members under 28 U.S.C. § 1332(d)(5)(B); and (3) an amount in controversy of more than $5 million under 28 U.S.C. § 1332(d)(2).  This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.     Alternatively, The Complaint Presents Federal Questions On Its Face.

37.     As set forth above, diversity jurisdiction under CAFA is sufficient by itself to demonstrate the existence of subject matter jurisdiction in this case, so the Court need not consider any alternative ground.  Nevertheless, Wabtec asserts an alternative basis of federal-question jurisdiction only to preserve the issue if necessary.

38.     This Court separately has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  This grant includes "state-law claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

39.     This case meets these requirements.  *First*, the Complaint raises federal issues by asserting, among other things, a negligence per se claim that is premised on alleged violations of two federal statutes—the Federal Trade Commission Act ("FTC Act") and the Health Insurance Portability and Accountability Act ("HIPAA").  Complaint ¶¶ 72–76.  In essence, Plaintiff tries to allege a federal private right of action under those statutes by bootstrapping purported federal duties to a "negligence per se" claim.  *Second,* these federal issues are actually disputed; Wabtec denies that it has violated these statutes or that Plaintiff has any ability to end run Congress's clear intent not to provide a private right of action in the FTC Act or HIPAA.  *Third,* the federal issues are substantial because the United States has a strong interest in ensuring that plaintiffs do not

improperly leverage federal statutes for purely private claims when the statutes themselves do not allow for that possibility. *Finally*, because the federal government is already meant to be the exclusive enforcer of the FTC Act and HIPAA, this Court can resolve these federal issues without disrupting the federal-state balance approved by Congress.

40. Accordingly, this court has jurisdiction over this case under 28 U.S.C. § 1331.[3]

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

41. Wabtec meets all other requirements for removal.

42. This Court has personal jurisdiction over all parties.

43. Wabtec has also satisfied all the procedural requirements for removal under 28 U.S.C. § 1446.

44. Wabtec files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the Western District of Pennsylvania because the state court in which the action is pending, the Court of Common Pleas for Allegheny County, is within this federal judicial district.

45. This removal, within 30 days of Plaintiff filing the Complaint and any service of process, is timely under 28 U.S.C. § 1446(b). *See* Complaint 39; Ex. 3 at 2; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999).

46. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice, Wabtec will "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the Court of Common Pleas of Allegheny County.

---

[3] If the court determines that this is the sole basis for removal, this Court has supplemental jurisdiction over the remainder of Plaintiff's claims. 28 U.S.C. § 1367.

47. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Wabtec's right to assert any and all defenses or objections to the Complaint, including but not limited to Plaintiff's class allegations. Notably, pursuant to Pa. R. Civ. P. 248 and consistent with this Court's Local Rule 7(E), Plaintiff and Wabtec have agreed and stipulated, without waiver of and preserving all other rights and defenses of the parties, that Wabtec's time to answer or otherwise respond to the Complaint shall be extended to May 24, 2023.  *See* Ex. 2 at 2.

48. Wabtec reserves the right to amend this Notice of Removal. If there are any questions that arise as to the propriety of removal of this action, Wabtec respectfully reserves the right to submit briefing, argument, and additional evidence as necessary to support removal of this case.[4]

| | |
|---|---|
| Dated: April 12, 2023 | Respectfully submitted, |
| | */s/ Rebekah B. Kcehowski* |
| | Rebekah B. Kcehowski (Pa. 90219) |
| | Connor J. Baer (Pa. 322459) |
| | JONES DAY |
| | 500 Grant St., Suite 4500 |
| | Pittsburgh, PA 15219 |
| | T: (412) 391-3939 |
| | F: (412) 394-7959 |
| | rbkcehowski@jonesday.com |
| | cbaer@jonesday.com |
| | |
| | *Counsel for Wabtec* |

---

[4] Nothing in this Notice of Removal should be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Wabtec's right to assert any defense or affirmative matter, including but not limited to the defenses of: (1) lack of personal jurisdiction; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Federal Rules of Civil Procedure 8 and 12, any state or federal statute, or otherwise.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was served on the following on April 12, 2023, via email and first-class mail:

Patrick Howard
SALTZ MONGELUZZI & BENDESKY P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282
phoward@smbb.com

Samuel J. Strauss
Raina Borrelli
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
(608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com

/s/ *Rebekah B. Kcehowski*
Rebekah B. Kcehowski
*Counsel for Wabtec*